IN THE UNITED STATES DISTRICT COURT FOR
           THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                              *
DOUGLAS HARRINGTON,           *

     Plaintiff,               *    CIVIL NO.: WDQ-10-1258

     v.                       *

M.C. FUHRMAN & ASSOCIATES, LLC, *

     Defendant.               *

                              *

*    *    *    *    *    *    *    *    *    *    *    *    *

                      MEMORANDUM OPINION

     Douglas Harrington sued M.C. Fuhrman & Associates, LLC for breach of contract. For the following reasons, M.C. Fuhrman's motion to dismiss the Complaint as currently pled will be granted. Harrington's motion for summary judgment will be denied.

I.   Background[1]

     Harrington is a Maryland commercial real estate developer. Compl. ¶¶ 1 & 6. M.C. Fuhrman is a New Jersey limited liability company that provides planning services to government agencies. *Id.* ¶ 2. Harrington alleges that:

>    [a]fter negotiations and meetings in December 2009 and
>    January 2010, on or about January 11, 2010, [he] and

---

[1] In reviewing the motion to dismiss, the well-pled allegations in Harrington's complaint are accepted as true. *See Myland Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993).

> M.C. Fuhrman & Associates, LLC entered into a one-year employment contract in which [he] would be paid $100,000.00 per year with no benefits being provided [to work on various energy projects]. This amount was to be paid in bi-weekly installments of $4,166.67 . . . . The term of this employment relationship was January 11, 2010 until January 11, 2011.

*Id.* ¶¶ 8-9 & 11.

On March 24, 2010, M.C. Fuhrman told Harrington that it was no longer interested in pursuing the projects. *Id.* ¶ 12. On March 31, 2010, M.C. Fuhrman stopped paying Harrington. *Id.* ¶ 10.[2]

On May 19, 2010, Harrington sued M.C. Fuhrman. ECF No. 1. On June 24, 2010, M.C. Fuhrman moved to dismiss. ECF No. 9. Harrington moved for summary judgment on July 8, 2010. ECF No. 12.

## II. Analysis

### A. Standard of Review

#### 1. Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). Affirmative

---

[2] From January 11, 2010 to March 31, 2010, M.C. Fuhrman paid Harrington bi-weekly. Compl. ¶ 10.

defenses, such as the statute of frauds, may be raised in a Rule 12 (b)(6) motion to dismiss, but "for dismissal to be allowed on the basis of an affirmative defense, the facts establishing the defense must be clear on the face of the plaintiff's pleadings." *Blackstone Realty, LLC v. FDIC,* 244 F.3d 193, 197 (1st Cir. 2001)(internal quotation marks omitted); *see also T.G. Slater & Son, Inc. v. Donald P. and Patricia A. Brennan, LLC,* 285 F.3d 836 (4th Cir. 2004).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Midgal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the fact pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009)(*quoting Twombly,* 550 U.S. at 557). The complaint must

3

not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 1950.

B.   M.C. Fuhrman's Motion to Dismiss

M.C. Fuhrman argues that Harrington's claim should be dismissed because the employment agreement, which cannot be performed in less than one year, is unenforceable under Maryland's Statute of Frauds. Def.'s Mot. to Dismiss 4.[3] Harrington argues that: (1) the contract is not subject to the Statute of Frauds, and (2) if it is, his part performance overcomes the defense. Pls.' Opp'n 5-6.

1.   Applicability of the Statute of Frauds

The Maryland Statute of Frauds applies to "any agreement that is not to be performed within 1 year from the making of the agreement." Md. Code Ann., Cts. & Jud. Proc. § 5-901. "Unless [such] a contract or agreement . . . or some memorandum or note of it, is in writing and signed by the party to be charged or another person lawfully authorized by that party, an action may not be brought" to enforce the agreement. *Id.*

Harrington alleges that the contract was to run from "January 11, 2010 until January 11, 2011," or for a period of 366 days. Compl. ¶ 10. As pled, this is not a contract that

---

[3]   When sitting in diversity, a federal court follows the substantive law of the forum state. *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 497 (1941). Neither party disputes that Maryland law governs Harrington's claim.

can be performed "*within* one year." Md. Code Ann., Cts. & Jud. Proc. § 5-901 (emphasis added); *Halpert v. Dental Care Alliance, LLC,* 2007 WL 1295805, at *13 (D. Md. May 01, 2007)(statute of frauds does not apply when contract can be completed "within the span of a year"). From the face of Harrington's Complaint, the agreement is one that the Statute of Frauds requires to be in writing.[4]

Harrington has not alleged the existence of—or provided—a memorandum of the agreement signed by M.C. Fuhrman.

### 2. Part Performance

Maryland recognizes part performance as an exception to the Statute of Frauds. *See Plana v. Shoresales, LLC,* 2003 WL 21805290, at *4 (D. Md. July 14, 2003). Part performance may be used to estop a defendant from asserting the Statute of Frauds as a defense "when [the performance] clearly indicates the existence of the oral contract." *Campbell v. Indymac Bank,* 2010 WL 419387, at *2 (D. Md. Jan. 29, 2010).

Harrington argues that he has pled facts supporting application of the part performance doctrine. Pl.'s Opp'n 6. He alleges that between January and March 2010 he provided consulting services to M.C. Fuhrman on two energy projects, and

---

[4] Had Harrington pled that the agreement was a one-year employment contract, it would not be within the Statute of Frauds, and he could pursue his claim for breach of the oral contract. *See Halpert,* 2007 WL 1295805 at *13.

5

M.C. Fuhrman paid him bi-weekly. Compl. ¶¶ 10-12. This is evidence of an oral contract. *See Campbell,* 2010 WL 419387 at *2 (evidence that the plaintiff has provided compensation or services to which the defendant is not otherwise entitled evidences a contract).

However, "part performance is an equitable doctrine available only whe[n] the principal relief sought is specific performance of the oral contract. It has no application in an action at law for money damages."[5] This is because a plaintiff who can "sue to recover on quantum meruit the value of his services rendered . . . pursuant to [an unenforceable] oral contract" has no need for equitable relief. *See Stevens v. Bennett,* 234 Md. 348, 352 (1964).

Harrington alleges that M.C. Fuhrman has fully compensated him for his services rendered before March 31, 2010. Compl. ¶¶ 10-12. He seeks only money damages for M.C. Fuhrman's remaining obligation under the contract, but he does not allege that he provided services after M.C. Fuhrman stopped paying him. Compl. ¶ 13. Harrington has not pled facts supporting application of the equitable doctrine of part performance. *See Winternitz,* 73 Md. App. at 23.

---

[5] *Winternitz v. Summit Hills Joint Venture,* 73 Md. App. 16, 23 (Md. Ct. Spec. App. 1987); *Friedman & Fuller, PC v. Funkhouser,* 107 Md. App. 91 (Md. Ct. Spec. App. 1995)(applying part performance in suit for injunctive relief to enforce oral non-compete agreement).

Harrington's oral agreement with M.C. Fuhrman is unenforceable because of Maryland's Statute of Frauds. Harrington has not stated a claim for relief, and M.C. Fuhrman's motion to dismiss must be granted.

III. Conclusion

For the reasons stated above, M.C. Fuhrman's motion to dismiss will be granted. Harrington's claim will be dismissed without prejudice so he may seek leave to amend, and his motion for summary judgment will be denied as moot.

January 7, 2011 _____/s/_____
Date  William D. Quarles, Jr.
 United States District Judge